UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

CARMIT TAIBE on behalf of herself and
all other similarly situated consumers

          Plaintiff,

  -against-


NCO FINANCIAL SYSTEMS, INC.

          Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Carmit Taibe seeks redress for the illegal practices of NCO Financial Systems, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Horsham, Pennsylvania.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Allegations Particular to Carmit Taibe

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many prerecorded messages on the Plaintiff's answering machine on numerous occasions.

12. Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiff on multiple occasions via telephone and left numerous voice messages in an attempt to collect the alleged obligation.

13. By way of limited example only, the following is a transcript of one such prerecorded message that Defendant left for Plaintiff on her cellular telephone voicemail system on or about July 20, 2012:

"Please press 1 now to place this call on hold to get the right person, press 2 now to take a message, press 3 now if this is the wrong number to reach Carmit Taibe, press 4 now

hi did not hear your response. Once again, if you are Carmit Taibe please press 1 now, to place this call on hold to get the right person press 2 now, to take a message press 3 now, if this is the wrong number to reach Carmit Taibe press 4 now. I'm sorry goodbye".

14. At the time Plaintiff received the prerecorded messages, she did not know the identity of the caller.

15. At the time Plaintiff received the prerecorded messages, she did not know that the caller was a debt collector.

16. At the time Plaintiff received the prerecorded messages, she did not know that the call concerned the collection of a debt.

17. Each of the prerecorded messages is a "communication" as deemed by 15 U.S.C. § 1692a(2).

18. Each of the prerecorded messages were left by persons employed by Defendant as non-attorney debt collectors in connection with the collection of a "debt" as deemed by 15 U.S.C. § 1692a(5).

19. Each of the above prerecorded messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

20. Each of the prerecorded messages uniformly failed to provide meaningful identification of the Defendant's legal name.

21. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and to speak

with a debt collector employed by NCO Financial Systems, Inc., and then provide that debt collector with personal information.

22. The Defendant intended that the prerecorded messages have the effect of causing Plaintiff, and least sophisticated consumers to place return calls to the telephone number provided in the messages and to speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.
Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

23. At all times relevant to this action, NCO Financial Systems, Inc. was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded messages, by accurately stating its company name and stating the nature and/or purpose of the call.

24. At all times relevant to this action, NCO Financial Systems, Inc. willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded messages, by accurately stating its company name and stating the nature and/or purpose of the call.

25. The Defendant's act of leaving the said prerecorded messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

26. The Defendant's act of leaving the said prerecorded messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

27. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer.  By failing to meaningfully identify itself, disclose the purpose of its call and state that NCO Financial Systems, Inc. is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

28. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the above said prerecorded messages, that violate the FDCPA by, inter alia:

    (a) Failing to provide meaningful disclosure of NCO Financial Systems, Inc.'s identity;

    (b) Failing to disclose that the call is from a debt collector; and

    (c) Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

29. Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

30. Upon information and belief, the said prerecorded messages were either pre-scripted or pre-recorded.

31. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

32. The said prerecorded telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector, which constitutes a deceptive practice.

33. On many occasions within the past year, Defendant left numerous messages with unauthorized third-parties.

34. Upon the third party answering the call, an automated voice would dictate the following: "Please press one now to place this call on hold to get the right person … press two now to take a message."

35. When the third party pressed two, the Defendant solicited the third party to take a message for the Plaintiff.

36. Said collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Such collection practices include, inter alia: (i) leaving telephonic voice messages with third-parties to deliver to consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); (ii) leaving telephonic voice messages with third-parties to deliver to consumers, which fail to disclose that the call is from a debt collector; and (iii) engaging consumers and other persons in an attempt to collect debts and obtain information about consumers.

"The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.")

The FDCPA prohibits debt collectors from communicating with most third parties, except under certain limited circumstances. 15 U.S.C. §1692c(b) provides:

(b) Communication with third parties - except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

The FDCPA provides an exception for obtaining "location information," defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. §1692b provides:

Acquisition of location information [Section 804 of P.L.] Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -- identify himself, state

that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

The FDCPA does not permit any purported attempt to obtain location information" if the debt collector already has the items of information identified by the statute as "location information." The Federal Trade Commission has stated:

Location information: Although a debt collector's search for information concerning the consumer's location (provided in § 804) is expressly excepted from the ban on third party contacts, a debt collector may not call third parties under the pretense of gaining information already in his possession. FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1988).

37. Plaintiff has never provided NCO Financial Systems, Inc. with her prior express consent to communicate with third-parties about her or any alleged debt she may owe.

38. The individuals who answered the said calls are characterized as a "third party" as that term is defined by 15 U.S.C. § 1692c(b).

39. The said conversations were also an indirect communication with Plaintiff as the Defendant would instruct the third party to deliver a message to Plaintiff, instructing her to call back.

40. The indirect communication from the Defendant to the Plaintiff exceeds the limits provided by 15 U.S.C. § 1692b.

41. Said messages were in violation of 15 U.S.C. §§ 1692, 1692c(b) and 1692d for leaving messages with third-parties to deliver to consumers, which failed to disclose the purpose or nature of the communications (i.e. an attempt to collect a debt), and which failed to disclose that the calls were from a debt collector.

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

42. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty one (41) as if set forth fully in this cause of action.

43. This cause of action is brought on behalf of Plaintiff and the members of two classes.

44. Class A consists of all persons whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (a) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (b) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

45. Class B consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, similar party or someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of this Complaint involving telephone calls which were placed to the consumer's home or similar party seeking payment of a consumer debt by: (a) leaving telephonic voice messages with third-parties

to deliver to consumers which failed to disclose the purpose of the communication (i.e. an attempt to collect a debt); (b) leaving telephonic voice messages with third-parties to deliver to consumers, which failed to disclose that the calls were from a debt collector; (c) engaging consumers and other persons in an attempt to collect debts and obtain information about consumers; and (d) that the telephone messages were in violation of 15 U.S.C. §§ 1692c(b) and 1692d.

46. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages (i.e. the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

       collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

47. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

48. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

49. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

Violations of the Fair Debt Collection Practices Act

50. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

51. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       January 17, 2013

                                    ___/s/___Maxim Maximov_____
                                    Maxim Maximov, Esq.
                                    Attorneys for the Plaintiff
                                    Maxim Maximov, LLP
                                    1600 Avenue M, 2nd Floor
                                    Brooklyn, New York 11230
                                    Office: (718) 395-3459
                                    Facsimile: (718) 408-9570
                                    Mobile: (718) 772-3954
                                    E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                    ___/s/___Maxim Maximov_____
                                    Maxim Maximov, Esq.