

AARON R. EASLEY
Direct: (908) 751-5940
aeasley@sessions-law.biz

June 10, 2013

Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    ***Carmit Taibe v. NCO Financial Services, Inc.***
            **USDC EDNY, Docket No. 1:13-cv-00315 SJ-RER**

Dear Judge Johnson:

    SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC represents NCO Financial Systems, Inc. (NCO) in the above matter. NCO requests a pre-motion conference to discuss its intended Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

## FACTUAL SUMMARY

    On January 18, 2013, plaintiff filed the instant putative class action. [Dkt. 1] Plaintiff contends that, on or about July 20, 2012, NCO, a debt collector, left him a pre-recorded message that failed to identify the caller as a debt collector and to provide meaningful identification of NCO's name, as well as "[o]n many occasions within the past year," left messages with third parties. *Id.* at ¶¶ 19, 20, and 33. As a result, plaintiff contends NCO violated sections 1692e(10), 1692e(11), 1692c(b), and 1692d[1] of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

---

[1] Section 1692e(10) proscribes"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692e(11) prohibits "the failure to disclose in subsequent communications that the communication is from a debt collector. . ." Section 1692c(b) provides, in pertinent part, that "a debt collector may not communicate, in connection with the collection or any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Section 1692d provides "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
ATTORNEYS AT LAW

Honorable Sterling Johnson, Jr.
June 10, 2013 – Page 2

Plaintiff seeks in this action: "Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k) [sic];" "Attorney fees, litigation expenses and costs incurred to bringing this action;" and "Any other relief that this Court deems appropriate and just under the circumstances." Section 1692k provides a prevailing individual may be entitled to statutory damages "not exceeding $1,000," and reasonable attorney's fees and costs. Plaintiff will be unable to prove actual damages arising out of an allegedly unlawful voice mail message(s).

On May 1, 2013, NCO served plaintiff with an Offer of Judgment for $1,000, i.e., the full award of statutory damages permitted under the FDCPA. The Offer of Judgment also stated: "the settlement shall include an additional amount for Plaintiff's reasonable costs and attorney's fees. . ." Thus, NCO's Offer of Judgment, which plaintiff did not accept, offered to fully satisfy plaintiff's demand.

Because NCO has offered to satisfy plaintiff's demand in full, there is no dispute over which to litigate, and plaintiff's action should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

## ARGUMENT

### A. Without a case or controversy, a claim must be dismissed as moot

"Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.' To enforce this limitation, we demand that litigants demonstrate a 'personal stake' in the suit." *Camreta v. Greene*, 131 S.Ct. 2020, 2028 (2011); *see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011). In *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208 (1980), the Court observed that "mootness has two aspects: 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" (*quoting Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)).

A plaintiff that has been offered all the relief he or she has requested, no longer has a live controversy. *See Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir. 2002); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986). If the offer is less than what was requested, but includes all the relief the plaintiff is legally entitled to, the same result holds true. Thus, when it appears to a legal certainty that complete relief was offered, it is said to moot the plaintiff's personal stake in the controversy. *See Damasco v. Clearwire Corporation,* 662 F.3d 891, 896 (7th Cir. 2011); *Tallon v. Lloyd & McDaniel*, 497 F.Supp.2d 847, 851 (W.D.Ky. 2007). When a plaintiff's claims become moot, the Court must dismiss the claims for lack of subject matter jurisdiction because

SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
ATTORNEYS AT LAW

Honorable Sterling Johnson, Jr.
June 10, 2013 – Page 3

"[y]ou cannot persist in suing after you've won." *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).

### B. A putative class action must be dismissed for mootness when there is no case or controversy

"[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims. <u>Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs</u>." *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 331, 332-33, 100 S.Ct. 1166, 1170 (1980) (emphasis added). When no motion for class certification has been filed, and the named plaintiff's individual claim has become moot, the action becomes moot. *Damasco*, 662 F.3d at 896.

### C. An Offer of Judgment that offers complete relief moots the claim

An offer of judgment that satisfies a plaintiff's demand moots the case. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009); *Zimmerman*, 800 F.2d at 390. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted); *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. Appx. 741, 744 (7th Cir. 2007); *Muldrow v. Credit Bureau Collection Services, Inc.*, 2010 WL 2650906, *2 (S.D. Fla. 2010); *Lomas v. Emergency Billing, LLC*, 2008 WL 4056789 (D. Utah 2008); *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000); *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983). Fed.R.Civ.P. Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

Commentators have noted that, while "there may be valid policy arguments" for not applying Rule 68 in the class context, "there is little authority" for such an exception. *12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civ.2d § 3001.1*. Nothing in Rule 68 itself, or in any of the federal rules, either permits or requires an exception to the application of the rule to putative class action litigation. *Id*. In fact, proposed amendments to Rule 68 to make the rule inapplicable to putative class actions were considered and rejected in 1983 and 1984. *1 McLaughlin on Class Actions § 4:28* (6th ed.).

SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
ATTORNEYS AT LAW

Honorable Sterling Johnson, Jr.
June 10, 2013 – Page 4

### D. The United States Supreme Court has determined an Offer of Judgment can moot an action

The Supreme Court held in *Genesis HealthCare Corp. v. Symczyk*, --- S.Ct. ---, 2013, WL 1567370 (Apr. 16, 2013), that a pre-certification offer of judgment made prior to the filing of class certification moots plaintiff's claims. The absence of any retained personal or economic interest in class litigation renders a putative class action moot. *Id.*

### E. Procedure after an unaccepted Offer of Judgment expires

The correct procedure to be followed "in the face of an unaccepted offer of complete relief, [is for the] district courts ... [to] 'enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment.'" *Symczyk*, at n. 4 (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009)).

The apparent rationale underlying this approach is that an offer of judgment is akin to a stipulation for confession of judgment when presented to the Court by the party making the offer, *cf. Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir. 1948); *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972); or to a default judgment. 10A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2684 (3d ed.).

By entering judgment in accordance with the offer, the plaintiff has been afforded all relief which the Court has power to order. Once this transpires, the individual's claims are mooted. *O'Brien, supra.*

### F. As NCO's Offer of Judgment provided complete relief, plaintiff's action must be dismissed for lack of subject matter jurisdiction

By serving an Offer of Judgment, NCO acted in concert with the purpose of Rule 68 – "to encourage settlement and avoid litigation." *Marek*, 373 U.S. at 5. As NCO's offer provided all the relief sought (i.e., more than the maximum statutory damages, and attorney's fees and costs), plaintiff's action must be dismissed as moot.

It is plaintiff's burden to show that she was not offered complete relief, which she is unable to do. *Rollins v. Sys. Integration, Inc.*, 2006 WL 3486781, at *3 (N.D.Tex. Dec.4, 2006) (granting Rule 12(b)(1) motion to dismiss where plaintiff failed to meet his burden of demonstrating that Rule 68 offer of judgment would not fully compensate). Where the offer provides complete relief, where plaintiff has made no showing that she has suffered actual damages, has no entitlement to punitive, declaratory or injunctive relief, the offer of judgment moots the action. *See Thomas v. Law Firm of Simpson &*

SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
ATTORNEYS AT LAW

Honorable Sterling Johnson, Jr.
June 10, 2013 – Page 5

*Cybak*, 244 Fed.Appx. 741, 743, 2007 WL 2126270, 2 (7th Cir. 2007); *Sanchez v. Verified Person, Inc.*, 2012 WL 1856477 (W.D. Tenn. May 21, 2012) (denying motion to strike offer of judgment and holding the offer of judgment mooted the action because class certification motion was not pending before the court.). Here, plaintiff has been offered the maximum statutory damages he sought; he has been offered attorney's fees and costs; and he is unable to prove actual damages. Accordingly, this matter should be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, NCO requests a pre-motion conference so that the undersigned can expound upon NCO's position and request of the Court permission to file an appropriate Motion, pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

Aaron R. Easley

ARE:ked
cc: Plaintiff's counsel (via Email)
\\sfnfs02\prolawdocs\6947\6947-30650\taibe, carmit\1134580.doc