# MAXIM MAXIMOV, LLP

ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL: M@MAXIMOVLAW.COM
TELEPHONE: (718) 395-3459
FACSIMILE: (718) 408-9570

June 16, 2013

Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Carmit Taibe v. NCO Financial Services, Inc.
              Docket No. 1:13-cv-00315 SJ-RER

Dear Honorable Judge Johnson:

      I represent the plaintiff, Carmit Taibe, in the above matter. This letter is in response to the June 10, 2013 letter from Aaron R. Easley, Esq. of Sessions Fishman Nathan & Israel LLC., counsel for the defendant, NCO Financial Services, Inc., requesting a pre-motion conference to discuss defendant's intended Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, pursuant to FRCP 12 (b)(1).

      As Mr. Easley admits, this is a putative class action seeking redress for the plaintiff and all others similarly situated caused by the defendant's violations of Sections 1692e(10), 1692e(11), 1692c(b) and 1692(d) of Title 15 of the United States Code, commonly known as the Fair Debt Collection Practices Act. The status of the action currently is that the plaintiff is in the process of taking discovery to support a proper Motion for Class Certification and until the discovery is complete and the Motion for Class Certification is decided, there is no legal basis for the defendant's motion.

      The basis of the defendant's motion is that the defendant has made a Rule 68 judgment offer to pay the plaintiff the statutory sum of $1,000.00 plus interest, costs and attorney's fees. Therefore, the defendant asserts, that the plaintiff has no further interest in the case and the court lacks subject matter jurisdiction. The problem with the defendant's position is that it overlooks the fact that in the class action situation, the named plaintiff is a fiduciary for the putative class and according to the majority of courts, until the class is certified or class certification is denied, a Rule 68 offer is premature. If the class is certified, then the offer must be not only to the named plaintiff but to the class as a whole. If class certification is denied at that point, there can be an offer to the named plaintiff. The law on this point appears to be fairly clear.

In <u>McDowall v Cogan,</u> 216 F.R.D. 46 (E.D,N.Y., 2003), Judge Ross held that a Rule 68 offer of judgment to the named plaintiff made before the defendant had even answered did not moot the class claims and concluded that defendants should not be permitted "to force plaintiffs into hastily drafted certification motions by making offers of judgment. Such a policy … would encourage a race to the courthouse between defendants armed with uninformed offers and plaintiffs with under-researched certification motions."

In <u>Schaake v Risk Mgmt Alternatives, Inc,</u> 203 F.R.D. 108 (S.D.N.Y. 2001), the plaintiff filed a class action complaint alleging violations of the Fair Debt Collection Practices Act seeking statutory damages. 203 F.R.D. 109. Just 32 days later, the defendant made a Rule 68 offer to the named plaintiff of $1,000.00 plus costs and reasonable attorneys' fees before even submitting an answer. The court, in denying defendant's motion to dismiss, reasoned that the offer came "well before plaintiff could be reasonably expected to file its class certification motion," as the record was incomplete and class certification was "merely awaiting the relevant discovery". According to the court, granting the motion to dismiss "would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such a motion is complete." Id. at 112. In effect, such a rule would permit defendants to circumvent Rule 23 and avoid full liability. Id. The court also specifically distinguished <u>Ambalu v Rosenblatt</u> 194 F.R.D. 451 (E.D.N.Y., 2000), cited by Mr. Easley on page 3 of his letter as "the plaintiff therein never moved for class certification in nearly two years of litigation," whereas the plaintiff in Schaake " - unlike the plaintiff in <u>Ambalu v. Rosenblatt</u> - has in no way run afoul of Rule 23 by failing to move for certification before the filing of the answer."

In <u>White v. OSI Collection Servs.</u>, 2001 U.S. Dist. LEXIS 19879, No. 01 Civ. 1343, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001), the plaintiff filed a class complaint seeking statutory damages for violations of the Fair Debt Collection Practices Act. One day after filing the answer, the defendant made an offer of judgment for $2,000.00 plus costs and reasonable attorneys' fees. While no motion for certification had been filed prior to the offer of judgment, eighteen days after the offer was made, the plaintiff requested a pre-motion conference, in accordance with the court's rules for class certification. The defendant moved the court to compel acceptance of the offer and dismiss the case under Rule 12(b)(1). In agreeing with the reasoning in <u>Schaake</u>, the court in <u>White</u> held that when an "offer of judgment comes very early in the litigation and before a plaintiff . . . can reasonably bring a motion to certify -- it is proper to apply the relation back exception even though no motion for class certification has yet been filed."

In <u>Eckert v. Equitable Life Assurance Soc. of the U. S.</u>, 227 F.R.D. 60, 63-64 [78] (E.D.N.Y. 2005), this court even allowed a class action to continue after the individual plaintiff had settled his claims, by permitting new party to intervene even though no class motion had been filed because the plaintiff "did not have a realistic and reasonable opportunity to move for class certification" where the defendant had not yet filed its answer.

In <u>Sosna v. Iowa</u>, 419 U,S. 493 (1975), the first significant case dealing with the issue of mootness in class action practice, plaintiff, on behalf of a class, challenged a state requirement that a petitioner for divorce reside in the state for one year prior to filing the petition. By the time the case was argued before the Supreme Court, the year period had ended, the named plaintiff was divorced, and the law would not again affect the plaintiff. The Court, nevertheless, found the case not to be moot because the certified class had acquired a legal status separate from the plaintiff and there were members of the class with live claims.

In <u>Nasca v. GC Servs. Ltd.</u>, 2002 U.S. Dist. LEXIS 16992, No. 01 Civ. 10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), the defendant offered statutory damages to the named plaintiff four months after the FDCPA class action complaint was filed. Ten days after making the Rule 68 offer, the defendant filed a motion to compel acceptance of the offer and dismiss the case as moot. The court denied the motion holding that the plaintiff "had not yet had a reasonable opportunity to file a motion for certification" as the offer was made only two months after the answer was filed and one month after the initial conference.

The court in <u>Vega v. Credit Bureau Enters.</u>, 2003 U.S. Dist. LEXIS 11539, 2003 WL 21544258 (E.D.N.Y. July 9, 2003) (Following <u>McDowall</u>, <u>Nasca</u>, <u>White</u> and <u>Schaake</u>) had a case that is almost on all fours with the instant case. In <u>Vega</u>, "the credit bureau submitted the offer approximately three months after the complaint was filed. Defendant argued that Vega had a reasonable opportunity to move for class certification during this three month period. However, because of discovery disputes, the record necessary for a certification motion had not been completed at the time defendant submitted the offer. Plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification."

In <u>Morgan v. Account Collection Tech., LLC,</u> 2006 U.S. Dist. LEXIS 64528, 2006 WL 2597865 (S.D.N.Y. Aug. 29, 2006), the court held that although the plaintiff had not yet moved for class certification, the court found that she had not engaged in undue delay based on the fact that the Rule 68 offer was made less than two months after the amended answers were filed and the plaintiff's contention that she was awaiting discovery regarding the number of putative class members and the collector's net worth, which was relevant in calculating FDCPA damages. Under these circumstances, the court said: "Plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification."

In <u>Weiss v. Regal Collections,</u> 385 F.3d 337, 2004 U.S. App. LEXIS 20503, 59 Fed. R. Serv. 3d (Callaghan) 906 (3d Cir. N.J. 2004), the Rule 68 offer provided all the relief available to plaintiff as an individual plaintiff acting in his personal capacity, but provided no relief to the class. Absent undue delay in filing a motion for class certification, where a defendant makes a Rule 68 offer to an individual claim that had the effect of mooting possible class relief asserted in the complaint, the appropriate course was to relate the certification motion back to the filing of the class complaint. Therefore, the trial court was to allow plaintiff to file the appropriate motion. The court stated "that said, the proper procedure is for the named representative to file a motion for class certification. That did not occur here. But neither was there undue delay. Defendants made their Rule 68 offer six weeks after plaintiff filed his amended complaint. In circumstances like these, we believe the relation back doctrine should apply. Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint. To hold otherwise would predictably result in a plaintiff who seeks class relief in a consumer representative action filing a motion for class certification at the time of filing the class complaint. As one trial court noted: "Hinging the outcome of this motion [to dismiss] on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a 'race to pay off' named plaintiffs very early in the litigation, before they file motions for class certification."

Because in this case, no motion for class certification was made, we will direct the trial court to allow Weiss to file the appropriate motion."

The reasoning of the 3rd Circuit in Weiss is very appropriate here. The court stated:

"In two decisions in 1980, *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) and *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), the Supreme Court provided some guidance in this area. These cases permitted a named plaintiff whose individual claims were mooted to appeal a denial of class certification.

In *Geraghty,* the question presented was "whether a trial court's denial of a motion for certification of a class may be reviewed on appeal after the named plaintiff's personal claim has become `moot.'" 445 U.S. at 390, 100 S.Ct. 1202. The Court looked beyond the mootness of Geraghty's substantive claims and focused on his distinct "procedural ... right to represent a class." *Id.* at 402, 100 S.Ct. 1202. The Court held the action was not moot upon the expiration of the substantive claim, because the plaintiff retained a "personal stake" in the class certification decision. *Id.* at 404, 100 S.Ct. 1202.

Of special significance to this appeal, in *Roper,* the Supreme Court expressed concern at a defendant's ability to "pick off" named plaintiffs by mooting their private individual claims. 445 U.S. at 339, 100 S.Ct. 1166. Credit card holders brought a class action challenging finance charges levied on their accounts and those of similarly situated card holders. *Id.* at 328-29, 100 S.Ct. 1166. After the district court denied their motion for class certification, the bank tendered to each named plaintiff the maximum amount he would have received individually. *Id.* at 329, 100 S.Ct. 1166. The named plaintiffs refused the offer, but the district court, over their objections, entered judgment in their favor and dismissed the action as moot. *Id.* at 330, 100 S.Ct. 1166. The Court of Appeals for the Fifth Circuit reversed, noting: "The notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive." *Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir.1978). Granting certiorari, the Supreme Court considered whether putative class representatives retained a private interest in appealing the denial of class certification subsequent to the entry of judgment in their favor, over their objections. The bank argued the entire case had been mooted by the individual offers.

The Supreme Court disagreed, stating:

Requiring multiple plaintiffs to bring separate actions, which effectively could be `picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. 445 U.S. at 339, 100 S.Ct. 1166."

The District Court in Connecticut in Landers v. Leavitt, 232 F.R.D. 42, 2005 U.S. Dist. LEXIS 23191 (D. Conn. 2005) followed Weiss and held that a class action is not rendered moot where, prior to filing of motion to certify class, defendant made a Rule 68 offer of judgment to individual plaintiff. The court noted "In the context of class actions, "the mootness exception recognizes that, in certain circumstances, to give effect to the purposes of Rule 23, it is necessary to

conceive of the named plaintiff as part of an indivisible class and not merely a single adverse party even before the class certification question has been decided.  "If the defendant could moot the entire class action by granting relief solely to plaintiff class representatives, the remaining class members might never be able to have their claims reviewed by the courts.  The court agreed with the *Weiss* court's analysis and concluded that payment of the plaintiff's claims did not moot their claim for purposes of this class action.

In <u>Bond v. Fleet Bank (RI), N.A.</u>, 2002 U.S. Dist. LEXIS 4131, 1, 2002 WL 373475 (D.R.I. Feb. 21, 2002) the court stated "Defendant tendered its offer of judgment a mere six days after the filing of the Complaint, prior to an entry of appearance by [the defendant], and prior to the filing of a responsive pleading. [the defendant], is asking this Court to deem plaintiff's claims moot as a result of its strategic offer, made before the plaintiff could have reasonably moved for certification. Essentially, [the defendant], seeks to use Rule 68 as a sneaky device to render plaintiff's claims so transitory that the court could not appropriately address the class certification issue, or, more precisely, before the plaintiff could appropriately bring the motion for class certification.  To permit [the defendant], to intentionally moot [Plaintiff's] claims, before [the defendant], had an opportunity to move for class certification, in an effort to avoid a class action, would do violence to the interests of justice."

It is clear from these cases that the defendant's offer under Rule 68 cannot be accepted by the plaintiff because he has a fiduciary obligation as class representative to the class to protect the interests of all class members equally.

I would respectfully point out that the defendant's claim in his letter that the recent Supreme Court case of <u>Genesis Health Care vs. Symczyk</u> 568 US, 133 Sup. Ct. 1523 stands for the proposition "that a pre-certification offer of judgment made prior to the filing of class certification moots plaintiff's claims.  The absence of any retained personal or economic interest in class litigation renders a putative class action moot" is incorrect.  In fact, the Supreme Court stated:

> "While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us."

In addition, Mr. Easley's mistaken reliance on this case is that it was not a class action under FRCP 23, but a "collective action" under Section 216 of the Fair Labor Standards Act.  A class action under FRCP 23 and a collective action under Section 216 of the FLSA have no relevance towards each other.  Mr. Justice Thomas writing for the court states:

> "The FLSA establishes federal minimum-wage, maximum hour, and overtime guarantees that cannot be modified by contract.  Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U. S. C. §216(b), gives employees the right to bring a private cause of action on their own behalf and on behalf of "other employees similarly situated" for specified violations of the FLSA.  A suit brought on behalf of other employees is known as a "collective action." See <u>Hoffmann-La Roche Inc.</u> v.*Sperling,* 493 U. S. 165, 169-170 (1989) " <u>Genesis</u> page 1.

Justice Thomas goes on to distinguish a class action under Rule 23 from a "Collective Action" under the FLSA.  He states:

>"More fundamentally, essential to our decisions in *Sosna* and *Geraghty* was the fact that a putative class acquires an independent legal status once it is certified under Rule 23.  Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action.  The sole consequence of conditional certification is the sending of court-approved written notice to employees, see *Hoffmann-La Roche Inc., supra,* at 171-172, who in turn become parties to a collective action only by filing written consent with the court, §216(b).  So even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness." Genesis   page 4.

It is clear, therefore, that Genesis does not in any way affect the above cited cases and the Supreme Court did not determine that "an offer of judgment  can moot" a class action.  Furthermore, Judge Spatt in this court in Thomas V American Services Financial  Corp., 2013 U.S. Dist. LEXIS 65073,  WL 1898954 (E.D.N.Y) decided on May 7, 2013 (after Genesis) discussed this very problem in FDCPA class action cases and stated:

>"[c]ourts in this circuit have recognized the predicament" caused to putative class representatives in **FDCPA** cases when a defendant makes a **Rule 68** offer of judgment to a plaintiff in his individual capacity before the defendant answered the complaint and before the plaintiff has had an opportunity to move for class certification.  Herzlinger v. Nichter, No. 09 Civ. 00192(JSG)(PED), 2011 U.S. Dist. LEXIS 116841, 2011 WL 4585251, at *8 (S.D.N.Y. Sept. 8, 2011), adopted by No. 7:09-CV-00192, 2011 U.S.Dist. LEXIS 114806, 2011 WL 4575126, at *1 (S.D.N.Y. Oct. 3, 2011).  As such, courts "have set forth guidelines for addressing what one court has described as 'thinly veiled efforts to pick off the putative class representative.'" Id. (quoting McDowall v. Cogan, 216 F.R.D. 46, 51 (E.D.N.Y. 2003)).  For example, the court in McDowall v. Cogan held "that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone." 216 F.R.D. at 51.  Of importance, the McDowall court only extended this rule to "situations where . . . the offer of judgment is made before the plaintiff has had a reasonable opportunity within which to move for class certification." Id. at 51 n. 5.  In reaching its conclusion, the McDowall court reasoned that "defendants should [not] be allowed to force plaintiffs into hastily-drafted certification motions by making offers of judgment," because otherwise a motion [was] complete — indeed before an [a]nswer [was] filed." Id. at 51.  The McDowall court further reasoned that a contrary ruling would result in "a race to the courthouse between defendants armed with uninformed offers and plaintiffs with under-researched certification motions." Id.  Other courts in this circuit have rendered holdings similar to the court's ruling in McDowell.  See, e.g., Herzlinger, 2011 U.S. Dist. LEXIS 116841, 2011 WL at *8 ("This Court cannot conclude that [the] [p]laintiff's counsel [in an **FDCPA** action] acted in bad faith on the basis that his client refused to accept an offer of judgment made to [the] [p]laintiff (1) only in her individual capacity, (2) prior to the time that [the] [d]efendants answered the complaint, (3) long before the deadline for class certification motions, and (4) which would have required her to abandon the claims of the putative class."); Morgan v. Account Collection Technology, LLC, No. 05-CV-2131 (KMK), 2006 U.S. Dist. LEXIS 64528, 2006 WL 2597865, at *8 (S.D.N.Y. Sept. 6, 2006) ("[The] [p]laintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification.") (quoting Vega v.

Credit Bureau Enters., Civil Action No. CV-02-1550 (DGT), 2003 U.S. Dist. LEXIS 11539, 2003 WL 21544258, at *2 (E.D.N.Y. July 9, 2003)); Nasca v. GC Services Ltd. Fartnership, 2002 U.S. Dist. LEXIS 16992, 2002 WL 31040647, at *3 (S.D.N.Y. Sept. 12, 2002) ("[The plaintiff] has not yet had a reasonable opportunity to file a motion for certification.  Less than two months after it filed its answer, and one month after the initial conference, [the Defendant] submitted its **Rule 68** offer . . . to allow a **Rule 68** offer to moot a named plaintiff's claim in these circumstances would encourage defendants to pick off named plaintiffs in the earliest stage of the case."); White v. OSI Collection Services, Inc., No. 01-CV-1343(ARR), 2001 U.S. Dist. LEXIS 19879, 2001 WL 1590518, at *5-6 (E.D.N.Y. Nov. 5, 2001) ("[W]hen defendant's offer of judgment comes very early in the litigation [one day after the defendant answered] and before a plaintiff, who has indicated in her complaint her intention to pursue the claim in a representative manner, can reasonably bring a motion to certify, it is proper to apply the relation back exception even though no motion for class certification has yet been filed.  Thus, the defendant's offer of judgment did not moot plaintiff's claims in this case.").

The Court is persuaded by the reasoning of the McDowall court and of those district courts which have adopted a similar position.  Indeed, "the application of the mootness exception in this case is essential to prevent the race to the courthouse from entirely circumventing and stymieing the class action mechanism." White, 2001  U.S. Dist. LEXIS 19879, 2001 WL at *6.  Here, the Defendant made its offer of judgment just two months after the Plaintiff had commenced this action and prior to answering the Complaint.  As a result, the Plaintiff was not given a reasonable opportunity to file its motion for class certification.  Moreover, within three months after commencing this action and about two weeks after the Defendant's offer of judgment was made, the Plaintiff did file a motion for class certification.  Of importance, these circumstances make this case quite distinguishable from Ambalu or Greif, the latter of which was decided by this Court, since the plaintiffs in Ambalu and Greif waited a year and a half or more to move for class certification, but failed to do so.  Thus, the Court finds that the Defendant's offer of judgment did not render the plaintiff's claims moot and that the Court may exercise subject matter jurisdiction over this case."

For the foregoing reasons, plaintiff submits that a motion by the defendant made at this time, while discovery is in progress to enable the plaintiff to properly prepare and file a motion for class certification, would be premature and that a conference to discuss same is, at this moment, unnecessary.

    Respectfully submitted,

    /s/ Maxim Maximov

    Maxim Maximov, Esq.

cc: Aaron R. Easley (via e-mail)